UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hasel et al., Civil No. 01-2009 (JMR/FLN)

Plaintiffs,

v. **ORDER**

Danville Materials Inc., et al.,

Defendants.

---

Ronald Brown for Plaintiffs.
Joseph Anthony & Courtland Merrill for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 18, 2002, on the Parties' Pretrial Motions.

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Motions are **GRANTED in part** and **DENIED in part** as follows:

1. Defendants' Motion to Compel Production of Documents, Testimony and Things and to Strike Plaintiffs' Objections [#64] is **GRANTED in part** and **DENIED in part**:

   a. To the extent the Motion pertains to the flowable composite sample in the possession of Mr. Hasel, the Motion is **DENIED**;

   b. To the extent the Motion pertains to the flowable composite sample in the possession of Mr. Dennis Daley, the Motion is **GRANTED**;

   c. This Court finds that the attorney-client privilege was waived at the August 8, 1997 meeting between Mr. Hasel, Mr. Daley, Chris Minnick and Andrew Grossman because of the



NOV 25 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

presence of third parties at the meeting. Thus, to the extent the Motion seeks to strike Plaintiffs' objections to the testimony of Mr. Daley on the subjects discussed at that meeting, those objections are overruled and the Defendants may fully explore the content of that meeting.

d. To the extent the Defendants contend that the crime/fraud exception applies to Mr. Daley's testimony, this Court rejects that argument. The Court finds that on this record, the Defendants have not established that a fraud was committed on the Patent Trademark Office.

e. To the extent the Motion seeks to compel documents responsive to the subpoena served on Mr. Daley, the Motion is **GRANTED in part**. The attorney-client privilege between Mr. Daley and Mr. Hasel was only waived as to the facts and circumstances discussed at the August 8, 1997 meeting. Thus, the Plaintiffs are only required to produce a redacted version of the August 13, 1997 letter from Mr. Daley to Mr. Hasel. To the extent the Motion seeks to compel Mr. Daley's billing records, the Motion is **GRANTED** and Plaintiffs shall produce what documents they have that were submitted to E & D Dental Products Inc.

2. Plaintiffs' Motion to Compel [#75] is **GRANTED in part** and **DENIED in part**:

a. To the extent the Motion pertains to discovery relating to Starflow HV products the Motion is **GRANTED**;

b. To the extent the Motion pertains to the discovery of the composition of the liquid resin portion of Defendants' flowable composite compounds, the Motion is **DENIED**;

c. To the extent the Motion pertains to discovery regarding sales records on a dollar and unit basis for Danville's flowable composite products, as well as cost of goods sold reports, profit and loss statements, and operating expense reports, the Motion is **GRANTED**.

d. To the extent the Motion pertains to additional 30(b)(6) depositions, the Motion is **DENIED**. In so far as the previous depositions of Mark Fernwood and Mr. Greg Dorsman have

not consumed the seven hour limit under Fed. R. Civ. P. 30(d)(2), the Plaintiffs may continue to depose Mr. Fernwood and Mr. Dorsman concerning the documents Plaintiffs receive that were not previously produced.

3. Both the Defendants' Motion to Amend the Pretrial Scheduling Order [#61] and Plaintiffs' Motion to Amend the Pretrial Schedule [#67] are **GRANTED in part as follows**:

a. The parties are directed to meet and confer to decide upon an amended pretrial schedule that does not impact the April 1, 2002 deadline for dispositive motions or the May 1, 2002 date to be ready for trial.

b. If the parties are unable to agree upon an amended schedule, the parties were directed at the hearing to each submit their proposed schedules to the undersigned by the end of business on November 22, 2002 and the Court will choose one of the scheduling orders.

DATED: Nov. 25, 2002

Franklin L. Noel

FRANKLIN L. NOEL
United States Magistrate Judge