UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hasel et al.,

Plaintiffs,

v.

Danville Materials Inc., et al.,

Defendants.

Civil No. 01-2009 (JMR/JSM)

**ORDER**

---

Ronald Brown for Plaintiffs.
Joseph Anthony & Courtland Merrill for Defendants.

---

Pursuant to Local Rule 7.1(g), by letter dated March 18, 2003, Plaintiffs have requested permission to move for reconsideration of the Court's Order of March 14, 2003.

1. In addition to Mr. Brown's March 18, 2003 letter, the Court is also in receipt of a copy of Mr. Merrill's letter to Chief Judge Rosenbaum dated March 19, 2003.

2. The Court's Orders of November 15, 2002 and March 14, 2003 are not inconsistent. Plaintiffs voluntarily requested to withdraw their claim that Defendants infringed U.S. Patent 5,547,379 ('379 patent) under Fed. R. Civ. P. 41 because the Plaintiffs discovered that the Defendants did not infringe the '379 patent. This Court granted the Plaintiffs' Motion for Leave to Withdraw the Claim of Infringement [#42] on the condition that they pay the reasonable fees incurred by the defendants in defending the claim. Pursuant to Fed. R. Civ. P. 41(a)(2), a court may grant the voluntary dismissal of an action "upon such terms and conditions as the court deems proper." As Defendants incurred substantial expense in defending what Plaintiffs now concede is a meritless claim, the Court deemed it proper that Plaintiffs should reimburse Defendants for that expense.

3. Contrary to Mr. Brown's suggestion in his March 18, 2003 letter, the November Order did not contemplate dismissal of the claim only if the



APR 8 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiffs *agreed* to pay the Defendants' fees. Rather the Court ordered that the claims be dismissed upon the condition that the Plaintiffs pay the fees.

4. Defendant submitted affidavits outlining their attorneys' fees and costs on December 5, 2002 [#97, 98, 99, 100]. The Plaintiffs did not object or respond to the affidavit, even after they had exhausted their efforts to immediately appeal the November 15, 2002 Order. This Court assumed there was no objection to the reasonableness of the Defendants' fees. At no time did the Plaintiffs ever indicate to this Court their intention to pursue their infringement claims with respect to the '379 patent.

5. The Court concludes that the fees established in the affidavits of the Defendants concerning the '379 patent are reasonable.

6. Because the Court conditioned the dismissal of the claim upon the payment of Defendants' reasonable costs and attorneys' fees, it is true that if the Plaintiffs do not pay the Defendants' fees, the claim would remain in the case. But in light of Plaintiffs' admission in the Motion for Leave to Withdraw that the claim was without merit, if the Plaintiffs' counsel continues to pursue the claim under the '379 patent, they would expose themselves and their client to even greater sanctions.

7. The Plaintiffs' Request for Permission to Move for Reconsideration is **DENIED.**

DATED: April 8, 2003

FRANKLIN L. NOEL
United States Magistrate Judge