UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT W. HASEL and
ABCO RESEARCH LLC,

Plaintiffs,

v.

DANVILLE MATERIALS, INC. and
DANVILLE MANUFACTURING, INC.,

Defendants.

CIVIL NO. 01-2009 (JMR/JSM)

ORDER

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned upon Plaintiffs' Request for Costs and Attorneys' Fees Incurred in Bringing Their Motions to Strike Portions of Defendants' Expert Reports.

The Court, being duly advised in the premises, and based upon all of the files, records and proceedings herein, now makes and enters the following Order:

IT IS HEREBY ORDERED that Plaintiffs' Request for Costs and Attorneys' Fees Incurred in Bringing Their Motions to Strike Portions of Defendants' Expert Reports is granted as set forth in the Memorandum below. On or before May 31, 2003, Defendants shall deliver to plaintiffs' counsel a check in the amount of $17,022.75.

Dated: May 6, 2003

JANIE S. MAYERON
United States Magistrate Judge

Hasel Order dated 5.6.03.wpd

MAY 06 2003

FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**MEMORANDUM**

In this Court's Order dated April 2, 2003, this Court granted in part and denied in part Plaintiffs' Motions to Strike Portions of Expert Reports, and then granted plaintiffs' motion for attorneys' fees and costs incurred in bringing the motions. At the Court's request, plaintiffs submitted Affidavits setting forth the time and expenses incurred in pursuing these motions, and permitted defendants to file objections to the fee request. As defendants point out in their response to plaintiffs' affidavits, plaintiffs have sought reimbursement for all time expended by attorneys Teresa Hankes and Christopher Young in connection with all four motions, rather than limiting their fee request to those parts of the motions for which they were successful in obtaining relief. In addition, defendants challenge generally the amount of time expended by plaintiffs' attorneys in connection with the motions, and the hourly rate charged by Teresa Hankes and Christopher Young.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Gumbhir v. Curators of the Univ. of Missouri, 157 F.3d 1141, 1146 (8th Cir. 1998) (citations omitted); Transclean Corp. v. Bridgewood Services, Inc., 134 F. Supp.2d 1049, 1052 (D. Minn. 2001). This approach is referred to as the lodestar method. Once a lodestar amount is determined, the court then considers the relevant factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), to increase or decrease the loadstar figure if appropriate. Gopher Oil Co., Inc. v. Union Oil Co. of California, 757 F. Supp. 998, 1009 (8th Cir. 1991) (citation omitted). These factors include:

> (1) the time and labor required; (2) the novelty and difficult of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 1011, n. 16 (citing Johnson, 488 F.2d at 717-19). "'The most important critical factor is the degree of success obtained.'" Emery v. Hunt, 272 F.3d 1042, 1047 (8th Cir. 2001) (quoting Hensley, 461 U.S. at 436.) Where a party claiming fees has failed to prevail on a claim, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Gopher Oil, 757 F. Supp at 1009 (quoting Hensley, 461 U.S. at 440); see also Transclean Corp., 134 F. Supp.2d at 1053.

Based on these factors, the Court finds that plaintiffs are entitled to attorneys' fees for those portions of the motions for which they were successful in obtaining relief. Plaintiffs made 14 different requests in connection with their four different motions to exclude various portions of defendants' expert reports. The Court granted relief on 10 of the 13 requests handled by Ms. Hankes, and the one request handled by Mr. Young, the Stannard Report. Therefore, this Court has determined that plaintiffs are entitled to 77% of the fees requested in connection with Ms. Hankes' time and 100% of the fees requested in connection with Mr. Young's time.

With respect to the amount of fees requested in connection with Ms. Hankes' and Mr. Young's efforts, the Court finds that the hours expended by Mr. Young are reasonable for the efforts expended and results achieved. In addition, based on the information

submitted by the parties, including the 2000 and 2001 Billing Rate Surveys by Robert Hayden ("Hayden Surveys") provided by defendants, the Court finds that Young's hourly rate of $270 per hour falls within an acceptable range for rates charged in 2003 for a 1998 graduate working for a firm of 100+ attorneys in the Twin Cities.[1] "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." Emery, 272 F.3d at 1048 (citing Avalon v. Cinema Corp. v. Thompson, 689 F.2d 137, 140 (8th Cir. 1982) (en banc)). Based on a 10% increase in rates in 2002 and 2002, it is reasonable to conclude that attorneys who graduated in 1998 and who work for a firm of 100+ attorneys or more (for all firms) are likely to be charging rates (ranging from 50% to the "high number" provided in the Hayden Surveys) of $188 to $303; for Twin Cities firms of 100+ attorneys from $194 to $303; and for firms of 10-24 attorneys from $182 to $298 per hour.[2] Therefore, plaintiffs' request that they be awarded $1404.00 from defendants for Mr. Young's time associated with his work on the motions is granted.

With respect to Ms. Hankes, the Court finds that the amount requested by plaintiffs for fees spent on the motions is not warranted. First, the request reflects an hourly rate that is not consistent with the reasonable hourly rates charged by comparable attorneys for similar work in this community. Second, while the Court finds that the amount of time Ms. Hankes spent on the four motions is reasonable in light of the difficulty of the issues, the efforts expended and the results achieved, the hours submitted by plaintiffs in

---

[1] An extrapolation of the Hayden Surveys for 1998 graduates from 2000 to 2001 and from 2001 to 2002, showed increases ranging from 7% to 32%. Therefore, the Court increased the rates on a yearly basis by 10% to arrive at the rates for 2003.

[2] This last figure presumably would encompass the firm representing defendants who presently have 17 attorneys listed in Martindale Hubbell.

connection with Ms. Hankes services, do not take into account that not all of her efforts were successful. Therefore, to arrive at a reasonable award of attorneys' fees, the Court first determined that the appropriate hourly rate to apply to plaintiffs' request for Ms. Hankes' time, and then multiplied that rate by the hours expended by Ms. Hankes in successfully obtaining relief on behalf of her clients.

The extrapolated 2003 hourly rate for attorneys in Twin Cities firms of 100+ attorneys who graduated in 1999 ranges from $176 to $242 per hour based on a 10% increase in rates from 2001-2002 and from 2002-2003.[3] Ms. Hankes charges $285 per hour, presumably either because the rate is reflective of the fees charged by comparable attorneys in San Francisco where she works or because of her patent expertise. In any event, the Court finds that the rate of $245 per hour, comparable to the rate charged by 1999 graduates presently working for Dorsey & Whitney's Minneapolis office, and at the top range of the rates charged in this community for her year of graduation, takes into account her patent expertise.

To determine the appropriate number of hours expended by Ms. Hankes in successfully obtaining relief for her clients, plaintiffs indicated that Ms. Hankes had expended 82.8 hours on the four motions. See Affidavit of Ronald J. Brown Regarding Plaintiffs' Costs and Fees Incurred in Bringing Their Motions to Strike Portions of Defendants' Expert Reports, n. 1 and 3. That figure was then multiplied by 77% to reflect the number of hours (63.75) expended by Ms. Hankes in successfully obtaining relief on behalf or her clients.

---

[3] Again the Court used a range of 50% to the "high number" provided in the Hayden Surveys to extrapolate rates for 2002 and 2003.

Finally, the Court multiplied 63.75 hours time $245 per hour to determine that Ms. Hankes expended $15,618.75 in attorney's fees to successfully obtain relief for her clients in connection with the four motions. Therefore, defendants shall pay plaintiffs $15,618.75 for Ms. Hankes' time associated with her work on the motions.

In summary, the Court orders defendants to pay to plaintiffs $17,022.75 in connection with their claim for attorneys' fees incurred in connection with their motions to strike expert reports.

J.S.M.