UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT W. HASEL and
ABCO RESEARCH LLC,

CIVIL NO. 01-2009 (JMR/JSM)

Plaintiffs,

v.

ORDER

DANVILLE MATERIALS, INC. and
DANVILLE MANUFACTURING, INC.,

Defendants.

JANIE S. MAYERON, United States Magistrate Judge

The above matter came on before the undersigned upon plaintiffs' September 3, 2003 letter request for an extension of the deadline for the filing of dispositive motions from October 16, 2003 to November 26, 2003. Defendants responded in writing on September 4, 2003, and counsel for the parties were heard by telephonic conference with respect to plaintiffs' request on September 5, 2003. Chris Young, Esq. appeared on behalf of plaintiffs; Courtland Merrill, Esq. appeared on behalf of defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that plaintiffs' request for an extension of the dispositive motion deadline is denied.

Dated: September 5, 2003

JANIE S. MAYERON
United States Magistrate Judge

FILED SEP 0 5 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Hasel Order 9.5.03.wpd

MEMORANDUM

This case has gone through several extensions to the Pretrial Schedule. Originally, the deadline for dispositive motions was set for April 1, 2003 and then extended to April 4, 2003. Then on April 2, 2003, this Court issued an Amended Scheduling Order extending the deadlines for filing and scheduling of dispositive motions to September 1, 2003, and the trial ready date to November 1, 2003. At the time that Order was issued, defendants had already served a summary judgment motion on March 3, 2003, which was subsequently submitted to Judge Rosenbaum on April 30, 2003. Thereafter, a settlement conference was held with this Court on May 29, 2003. At the conclusion of that conference, the Court agreed to stay for a period of 45 days all litigation and all events and dates set forth in the April 2, 2003 Amended Pretrial Scheduling Order, including defendant's motion for summary judgment which was scheduled to be heard on July 30, 2003. The Court also informed the parties at that time that if the case was not dismissed with prejudice, or the parties had not submitted to the Court a Stipulation of Dismissal With Prejudice on or before July 14, 2003, the stay would be lifted and the deadlines set forth in the April 2, 2003 Amended Pretrial Scheduling Order would extended by 45 days. On June 2, 2003, this Court issued its Second Amended Pretrial Scheduling Order which confirmed if the case was not resolved by July 14, 2003, the deadline for filing and scheduling of dispositive motions was set for October 16, 2003, and the matter would be considered ready for trial on January 1, 2004.

The case did not settle on or before July 14, 2003. Therefore, the parties have known since that time that any dispositive motions would have to be filed and scheduled by October 16, 2003 (and served 28 days before). On August 22, 2003, with the agreement of all parties, this Court scheduled a Settlement Conference involving the parties to this

litigation and a companion case, Ivoclar Vivadent, Inc. v. Robert Hasel, et al., Civil No. 03-3639 (RHK/AJB). The settlement conference is scheduled for October 7, 2003. On September 3, 2003, plaintiffs made a request for the extension of the dispositive motion deadline. The basis for their request is that in the event the settlement conference on October 7, 2003 is successful, it would be a waste of resources for the parties to be involved in the preparation of and response to the various dispositive motions contemplated by both parties.[1]

While it is true that if plaintiffs' motion is granted, and this case and the Ivoclar case are settled on October 7, 2003, the parties will avoid the additional expense of preparing their respective submissions in connection with any dispositive motions to be filed, this Court believes, on balance, that the ultimate resolution of this case has been delayed long enough to address the possibility of settlement and that much of the resources that might be expended by plaintiffs in submitting their dispositive motion to Judge Rosenbaum have already been expended by plaintiffs, or will not be expended until after the settlement conference on October 7, 2003.[2] In addition, the parties have been on notice since the

---

[1] Plaintiffs' counsel indicated they intend to bring a motion for partial summary judgment on three different issues, two of which were apparently ruled upon favorably to plaintiffs by the Court in the case of Robert W. Hasel, et al. v. Pulpdent Corporation. At the same time, counsel indicated that as these two issues are the subject of defendant's motion for summary judgment presently on file with Judge Rosenbaum, it is their intention to request Judge Rosenbaum permit them to supplement their response to defendants' summary judgment motion to address these issues in light of Court's Orders in the Pulpdent case. Defendants have also indicated they intend to file an additional dispositive motion.

[2] While plaintiffs' counsel stated that there were three issues that would be presented in their motion for partial summary judgment to the Court, he also stated that the bulk of the motion would be devoted to the issues decided in the Pulpdent case – the defenses of inequitable conduct and inventorship. In addition, plaintiffs are not strangers to the remaining issue which they intend to include in their motion for partial summary judgment, to strike defendant's §112 defense. This issue has already been addressed to some extent in plaintiffs' motion to strike portions of defendant's expert reports, which this Court ruled upon on April 2, 2003

settlement conference on May 29, 2003, and receipt of the June 2, 2003 Second Amended Scheduling Order, that if this case is not resolved on or before July 14, 2003, the case would be put back on the trial calendar and dispositive motions would need to be served and filed by October 16, 2003. For these reasons, plaintiffs' motion to extend the deadline for dispositive motions is denied.[3]

J.S.M.

[3] Plaintiffs counsel indicated that they were not requesting an extension of the trial ready date presently scheduled for January 1, 2004. However, if this Court were to have granted plaintiffs' request for an extension of the dispositive motion deadline to November 26, 2003, the trial ready date would by necessity have to have been extended as well.